**STATE of Iowa, Appellant,**

v.

**Howard F. HABERER, Appellee.**

No. 94–847.

Supreme Court of Iowa.

May 24, 1995.

Thomas J. Miller, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., and Mark J. Schouten, Sp. Prosecutor for Woodbury County, for appellant.

Robert L. Sikma, Sioux City, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

The State appeals from a district court order dismissing two counts of motor vehicle use tax evasion against Howard F. Haberer. Haberer significantly underreported the purchase price of two used cars when he applied for the certificate of title to each vehicle.

The State contends that a purchaser violates Iowa Code section 423.18(2) (1991), when the purchaser pays less than ninety percent of the tax required by Iowa Code chapter 423. In two instances, Haberer paid only forty-four and forty-three percent of the motor vehicle use tax required under section 423.18(2).

Haberer contends that under the plain language of section 423.18(2), a violation occurs only when an individual attempts to evade ninety percent or more of the tax. We agree and affirm.

Haberer purchased a 1985 Toyota on September 30, 1991. He paid $4200 for the car. The use tax on this purchase was $168. When Haberer applied for certificate of title to the car, he listed the purchase price as $1850. He paid $74 or forty-four percent of the use tax due on the actual purchase price of $4200.

Haberer purchased a 1984 Oldsmobile on July 7, 1992. He paid $2350 for this car. Use tax on this purchase was $94. When he applied for certificate of title, he listed the purchase price as $1000. He paid $40 or forty-three percent of the use tax due on the actual purchase price of $2350.

In March 1994 the State filed a five-count trial information against Haberer. Only counts I and II are relevant to this appeal. Counts I and II alleged that Haberer had evaded the motor vehicle use tax. *See* Iowa Code §§ 423.2, 423.18.

Haberer moved to dismiss counts I and II over the State's resistance. After a hearing, the court granted Haberer's motion.

The State appeals from this ruling.

■ The issue in this case is one of statutory interpretation. Statutory interpretation is a law question; our review is therefore at law. *State v. Sullins*, 509 N.W.2d 483, 485 (Iowa 1993).

■ Iowa Code section 423.18(2) pertinently provides:

A person who willfully attempts in any manner to evade a tax imposed by this chapter or *the payment of ninety percent of the tax* ... is guilty of a class "D" felony.

Iowa Code § 423.18(2) (emphasis added).

As it did in the district court, the State contends that the statute is ambiguous. The State concedes the statute could be read as the district court interpreted it: The statute only applies to a purchaser who tries to evade the *entire ninety percent* of the tax. Under this interpretation, the purchaser violates the statute if the purchaser pays only ten percent or less of the actual tax due.

However, the State argues the statute could also be interpreted this way: The statute applies to a purchaser who pays *any amount less than ninety percent.* Under this interpretation, the purchaser violates the statute if the purchaser pays only eighty-nine percent or less of the actual tax due.

In interpreting statutes our goal is to determine what the legislature intended. Certain rules of statutory construction aid us in this determination. However, we resort to such rules only when the terms of the statute are ambiguous. We are not permitted to search beyond the express terms of a statute when the language of the statute is plain and the meaning of the language is clear. We should not speculate as to the probable legislative intent apart from the wording used in the statute. We look to what the legislature said rather than to what it should or might have said. *Le Mars Mut. Ins. Co. v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981).

We think the language of the statute is plain and the meaning of that language is clear. A purchaser who pays ten percent or less of the tax is guilty of violating the statute. A purchaser who pays more than ten percent is not.

According to the minutes of testimony, Haberer paid forty-four percent of the tax due on the Toyota and forty-three percent of the tax due on the Oldsmobile. In neither case was payment ten percent or less of the actual tax due. Each payment was far short of the statutory requirement to evade "the payment of ninety percent of the tax."

Because the district court correctly interpreted the statute, we affirm its ruling dismissing the two counts.

**AFFIRMED.**