**HOLLAND BROS. CONSTRUCTION CO., INC., Appellant,**

v.

**IOWA STATE BOARD OF TAX REVIEW, Appellee.**

No. 98–2029.

Supreme Court of Iowa.

June 1, 2000.

---

Bruce W. Baker and Angela L. Watson of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Harry M. Griger, Special Assistant Attorney General, and James D. Miller, Assistant Attorney General, for appellee.

LAVORATO, Justice.

In this appeal, we must decide which of two casual sales exemption provisions apply to a protester's auction sale of capital assets of the protester's road construction business. The agency determined that the exemption provision relating to liquidation sales applied, found that the protester did not meet the requirements of the provision, assessed a tax, and imposed a penalty. On the protester's petition for judicial review, the district court agreed with the agency. We reverse and remand with directions.

### I. Background Facts and Proceedings.

The facts in this case are essentially undisputed. Holland Bros. Construction was liquidated in 1992 after forty-two years of operation. The company was primarily engaged in the business of road building for governmental entities.

For its road building business, Holland purchased heavy equipment, road construction machinery, vehicles and various parts, materials, and supplies (Purchased Equipment). Holland also acquired scrap material reclaimed from its work on roadways (Reclaimed Material). The Reclaimed Material consisted of culverts, corrugated metal drainage pipe, and other materials. The governmental entities did not require Holland to pay for the Reclaimed Material.

From January 1, 1988, to December 18, 1992, Holland made sales of Purchased Equipment and Reclaimed Material to individuals and businesses. Holland never advertised for sale of the Purchased Equipment or Reclaimed Material. Nor did the company maintain retail display or sales space or keep inventory on hand for sale at its business premises. Holland sold these items as a matter of courtesy when an individual or business was unable to purchase the items elsewhere.

The sales of Reclaimed Material amounted to less than one percent of Holland's gross revenues during the years 1988 through 1992. Holland's gross revenues from its road construction business averaged about six million dollars per year for the same period.

During the years 1988 through 1992, Holland made 183 sales of noncapital assets and services. During this period, Holland also made machine and motor repairs for Northeast Leasing, Ltd., a related corporation, which was engaged in the business of leasing heavy road construction equipment. Holland also leased some of its purchased equipment to other road construction companies.

In 1992, after an auditor for the Iowa Department of Revenue and Finance brought the matter to Holland's attention, Holland reported and remitted sales tax to the department on all but $291.10 of these transactions. Holland concedes that it owed sales tax on the noncapital asset and service transactions during these years.

Holland had a retail sales tax permit since 1971 and had been remitting sales tax for years.

During 1988 through 1991, Holland made seven sales of capital assets. Holland contends (1) it made these sales outside of the regular course of its business as a road construction contractor, and (2) for that reason, the transactions were not subject to sales tax.

In 1992, Holland decided to sell most of the assets used in its road construction business. Holland employed two auctioneers, one to sell its heavy equipment, machinery, and vehicles, and the other to sell its parts, tools, and smaller items. The auction of the heavy equipment, machinery, and vehicles generated gross receipts of $2,825,470, of which $2,096,320 belonged to Holland and the remainder belonged to Northeast Leasing. The other auction generated gross receipts of $108,422.70 for Holland. The items were sold to various individuals, and no Reclaimed Material was sold.

Holland ceased its road construction business following the auction. However, Holland's corporate existence continued so that it could (1) collect payments on its prior construction contracts and (2) wind down its road construction business.

During 1993, the department audited Holland for the period from January 1, 1988, through December 31, 1992. The audit resulted in a sales tax assessment of $115,483.94. The department also assessed $20,044.51 in penalties and interest. The department assessed sales tax on (1) the seven nonauction sales of capital assets previously mentioned and (2) the auction sales.

Holland filed a protest to this assessment. *See* Iowa Admin.Code r. 701–7.8 (1995). The department reassessed Holland's tax liability and ultimately reduced the assessment to $75,931.14, plus penalty and interest. In the reassessment, the department determined that no sales tax was due on the seven nonauction sales of capital assets previously mentioned.

The department filed an answer to the protest, following which an administrative law judge (ALJ) conducted a contested case hearing. Before the hearing, the parties filed a stipulation of facts. Holland conceded that its noncapital, nonauction sales and services during the audit period (1988 through 1992) were subject to Iowa sales tax. The parties presented a number of issues to the ALJ, only two of which are decisive of this dispute: (1) whether the auction sale of Holland's equipment in 1992 qualifies for the casual sales exemption in Iowa Code section 422.45(6) (1991) and (2) whether the penalty was properly imposed.

The ALJ concluded the auction sale did qualify for the casual sales exemption. Its conclusion rendered the penalty issue moot.

The department appealed to the director of the department, who, contrary to the ALJ's decision, concluded that the auction sale did not qualify for the casual sales exemption. The director also concluded the tax penalty was properly imposed.

Holland appealed to the State Board of Tax Review, contending that the director had erred in concluding that the auction sale did not qualify for the casual sales exemption. Holland also contended the tax penalty was improperly imposed. The board disagreed with Holland, concluding that (1) the auction sale did not qualify for the casual sales exemption and (2) the tax penalty was properly imposed.

On Holland's petition for judicial review, the district court agreed with the board, concluding that (1) the auction sale did not qualify for the casual sales exemption and (2) the tax penalty was properly imposed.

On appeal from the district court decision, Holland again asserts that (1) the auction sale qualified for the casual sales exemption and (2) the tax penalty was improperly imposed.

## II. Scope of Review.

 A district court engaged in judicial review under Iowa Code section 17A.19(8) acts in an appellate capacity to correct errors of law on the part of the agency. *IBP v. Al–Gharib*, 604 N.W.2d 621, 627 (Iowa 2000). When we review a district court's judicial review decision, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. Here, the issue involves a matter of statutory construction. Therefore, the standard we apply is whether the agency's action is in violation of statutory provisions. *See* Iowa Code § 17A.19(8)(a) (1999). If we determine that the agency's action was contrary to relevant statutory provisions, we must reverse the district court's decision. *See* Iowa Code § 17A.19(8).

## III. Casual Sales Exemption.

Iowa Code section 422.43(1) (1991) imposes a sales tax upon gross receipts of tangible personal property. Holland contends, however, that its auction sale was a casual sale as defined in Iowa Code section 422.42(12)(a) (1991) and therefore exempt from sales tax pursuant to Iowa Code section 422.45(6) (1991) and Iowa Administrative Code rule 701–18.28(1) (1990). The board contends that Holland cannot have a casual sales exemption for its auction sale unless it satisfies the requirements of section 422.42(12)(b).

The issue this dispute presents therefore is which part of the casual sales exemption in section 422.42(12) controls. The board argues that Holland cannot claim a casual sales exemption under section 422.42(12)(a) because section 422.42(12)(b) is the only casual sales exemption applicable to liquidation sales. The board further argues that Holland has not satisfied the requirements of section 422.42(12)(b) and therefore cannot claim the exemption.

In contrast, Holland contends it need not satisfy the requirements of section 422.42(12)(b) because that subsection does

not apply when, as here, the seller is not a retailer of the capital assets actually liquidated. Holland therefore claims that it can have a casual sales exemption if it meets the requirements of section 422.42(12)(a). Holland asserts that as a matter of law it meets the requirements of section 422.42(12)(a). For reasons that follow, we agree.

**A. Applicable statute.** Iowa Code section 422.42(12) (1991) (now located at Iowa Code section 422.42(3) (1999)) defines casual sales:

> *a.* Sales or the rendering, furnishing or performing of a nonrecurring nature of tangible personal property or services by the owner, if the seller, at the time of the sale, is not engaged for profit in the business of selling tangible personal property or services taxed under section 422.43.

> *b.* The sale of all or substantially all of the tangible personal property or services held or used by a retailer in the course of the retailer's trade or business for which the retailer is required to hold a sales tax permit when the retailer sells or otherwise transfers the trade or business to another person who shall engage in a similar trade or business.

## B. Analysis.

**1. Exemption in section 422.42(12)(a).** Iowa Administrative Code rule 701–18.28(1) pertains to section 422.42(12)(a), and it provides in relevant part:

> In order for a casual sale to qualify for exemption, two conditions must be present: (1) the sale of tangible personal property or taxable services must be of a nonrecurring nature, and (2) the seller, at the time of the sale, must not be engaged for profit in the business of selling tangible goods or services taxed under Iowa Code section 422.43 or, if so engaged, the sale must be outside the regular course of the seller's business . . . .

If either of the conditions above are lacking, no casual sale occurs.

. . . .

Sales of capital assets such as equipment, machinery, and furnishings which are not sold as inventory shall be deemed outside the regular course of business and the casual sales exemption shall apply as long as such sales are nonrecurring. . . .

Two separate selling events outside the regular course of business within a 12–month period shall be considered nonrecurring. Three such separate selling events within a 12–month period shall be considered as recurring. Tax shall only apply commencing with the third separate selling event. However, in the event that a sale event occurs consistently over a span of years, such sale is recurring and not casual, even though only one sales event occurs each year.

■ A seller claiming the exemption in section 422.42(12)(a) must satisfy two conditions: (1) the sale must be nonrecurring, and (2) the seller must not be engaged for profit in the business of selling goods taxed under section 422.43. The evidence is undisputed that Holland had only one capital asset sale during the twelve months immediately preceding the liquidation sale. Therefore, the liquidation sale was "nonrecurring" as defined by the three separate-selling-events language under rule 701–18.28(1). (The two-part auction sale here is considered as one sale for purposes of the casual sale exemption).

Holland, however, did have seven sales of capital assets over a five-year period. Despite this fact, Holland still meets the nonrecurring condition because those sales did not occur as a result of a planned periodic event conducted consistently over a span of years. *See* Iowa Admin.Code r. 701–18.28(1), example I (stating casual exemption not available when corporation has one sales event every year whereby it auctions off capital assets that it has no use for or desire to replace, and the event

is a planned function of the corporation that is conducted regularly and consistently over a span of years).

■ Holland also meets the second condition: the seller is not engaged in the business of selling goods taxed under section 422.43. Rule 701–18.28(1) leaves little doubt that the capital assets sold at the auction sale meet the second condition:

Sales of capital assets such as equipment, machinery and furnishings which are not sold as inventory shall be deemed outside the regular course of business. . . .

Iowa Admin.Code r. 701–18.28(1).

Holland's regular course of business was road construction. It was not in the business of selling its capital assets from an inventory of such assets.

■ 2. Exemption in section 422.42(12)(b). Significantly, the board does not dispute that Holland meets both conditions in section 422.42(12)(a). Nevertheless, the board insists that, because a liquidation sale is involved, the only exemption available is the one in section 422.42(12)(b), which defines a casual sale for liquidation purposes to mean

[t]he sale of all or substantially all of the tangible personal property or services held or used by a retailer in the course of the retailer's trade or business for which the retailer is required to hold a sales tax permit when the retailer sells or otherwise transfers the trade or business to another person who shall engage in a similar trade or business.

To support its position, the board relies heavily on Iowa Administrative Code rule 701–18.28(2), which pertains to section 422.42(12)(b) and is entitled "Special rules for casual sales involving the liquidation of a trade or business." The rule provides that

[w]hen retailers sell all or substantially all of the tangible personal property held or used in the course of the trade or business for which retailers are required to hold a sales tax permit, *the*

*casual sale exemption will apply to exempt those sales only when the following circumstances exist: (1) the trade or business must be transferred to another person, and (2) the transferee must engage in a similar trade or business.* The trade or business transferred refers to the place where the business is located since each taxable retail business must have a sales tax permit at each location. For purposes of this casual sale circumstance, it is irrelevant whether the retailer actually has a sales tax permit or not; rather the relevant circumstance is that the retailer was required to have a sales tax permit. *The exemption contained in this subrule is the only casual sale exemption applicable to the liquidation of a trade or business.*

Iowa Admin.Code r. 701–18.28(2) (Emphasis added.)

The board points out that the two-part definition of casual sales in section 422.42(12) was enacted in 1978. *See* 1978 Iowa Acts ch. 1142. Before the enactment, the definition of "casual sales" only included the nonrecurring nature of the sale provision as found in section 422.42(12)(a). *See* Iowa Code § 422.42(12) (1977). The legislature struck the former "casual sales" definition and enacted section 422.42(12)(a) and (b). *See* 1978 Iowa Acts ch. 1142, § 1.

The board argues that, by enacting both subsections (a) and (b) together, the legislature did not indicate an intent to have subsection (a) prevail over subsection (b) in the event that the sales are made in the course of liquidation of the retailer's business. Instead, the board further argues, it is reasonable to assume that the legislature intended to have the specific instance of a liquidation of a retailer's business evaluated under subsection (b) and to have other situations evaluated under subsection (a) for purposes of the casual sales exemption.

■ There are several flaws in this reasoning. Subsection (b) contains no words of limitation or exclusion that suggest one

subsection should prevail over or otherwise limit the other. There is no hint in the legislative history of the 1978 amendment that suggests the legislature intended such a limitation. If the legislature intended to make section 422.42(12)(b) the only available exemption in cases of liquidation, it could easily have said so. In determining what the legislature meant, we look to what the legislature said rather than to what it should or might have said. *State v. Haberer*, 532 N.W.2d 757, 759 (Iowa 1995).

Additionally, section 422.42(12)(b) talks exclusively about a retailer:

> The sale of all or substantially all of the tangible personal property or services held or used by a *retailer* in the course of the *retailer's* trade or business for which the *retailer* is required to hold a sales tax permit when the *retailer* sells or otherwise transfers the trade or business to another person who shall engage in a similar trade or business.

(Emphasis added.)

The board argues, as it must, that Holland was a retailer because it engaged in the retail sale of tangible personal property associated with its road building business such as its Reclaimed Materials and retail sales of some of its capital assets. Additionally, the board argues that Holland rented its equipment, and the rental was a "service" subject to tax. As to the sale and rental of tangible personal property, the board asserts Holland was a "retailer" as defined under Iowa Code section 422.42(5) (1991) and, as such, was required to have a retail sales tax permit under Iowa Code section 422.53(1) (1991).

In making this argument, the board relies heavily on the broad definitions of retailer: a "person engaged in the business of selling tangible goods, wares, merchandise or taxable services at retail...." Iowa Code § 422.42(5). It also relies on the broad definition of "business": "any activity engaged in by any person ... with the object of gain, benefit, or advantage." Iowa Code § 422.42(4) (1991).

■ The board's argument therefore boils down to this: The nonauction sale and rental of tangible personal property, which amounted to a minute percentage of Holland's total revenues, made Holland a retailer of all of its assets. And, of course, those assets would include capital assets used in Holland's road construction business even though·they were not offered for sale on a recurring basis.

Despite the broad definitions of "retailer" and "business," we think the board's interpretation is strained and tortured. The interpretation would bar anyone engaged in any business activity from qualifying for the casual sales tax exemption on the sale of capital assets to individual purchasers at a liquidation sale even though that person was not engaged in selling those assets on a recurring basis. *See American Home Prods. Corp. v. Iowa State Bd. of Tax Review*, 302 N.W.2d 140, 142–43 (Iowa 1981) (holding that, in interpreting tax statutes, courts should avoid strained, impractical, or absurd results). We doubt the legislature ever had that purpose in mind when it enacted the casual sales exemption.

Additionally, we think the board's interpretation is illogical and not supported by the casual sales exemption statute. For example, if correct, the board's interpretation would allow a retailer to sell its capital assets tax-free in a nonliquidation context, but not in a liquidation sale of its business when the sale is to individual purchasers, as here.

We therefore hold that Iowa Code section 422.42(12)(b) is not the exclusive casual sales exemption applicable to the liquidation of a trade or business. A liquidation sale may therefore qualify for a casual sales exemption under section 422.42(12)(a) when, as here, the sale is nonrecurring and the sale is outside the regular course of the seller's business. A liquidation sale is deemed to be outside the regular course of the seller's business when it involves assets such as equipment, machinery, and furnishings that are not sold as inventory.

■ To the extent that Iowa Administrative Code rule 701–18.28 is inconsistent with our holding that section 422.42(12)(b) is not the exclusive casual sales exemption for liquidation sales, it is invalid and therefore unenforceable. Although we give weight to an agency interpretation of a statute, the interpretation is not binding on us because interpretation of Iowa statutes is a matter of law for this court to decide. *Sorg v. Iowa Dep't of Revenue*, 269 N.W.2d 129, 131 (Iowa 1978).

Contrary to the board's contention, our interpretation does not render section 422.42(12)(b) meaningless as to a retailer's liquidation sale that involves capital assets or other noninventory assets. As the board itself points out, a retailer in those circumstances, who has made more than two sales of capital assets within a twelve-.month period preceding the liquidation, would fail the nonrecurring sale requirement of section 422.42(12)(a). The only way for the retailer to sell these assets tax-free would be to satisfy the requirements of section 422.42(12)(b).

We agree with Holland that the legislature designed section 422.42(12)(b) to provide relief to a retailer who sells an ongoing retail business to another retailer who will continue the business. At the same time, section 422.42(12)(b) does not allow the retailer to sell inventory tax-free at a liquidation sale, while a competitor has to charge sales tax on its sales. For example, a retailer who decides to hold a going-out-of-business sale will not qualify for the section 422.42(12)(b) exemption unless the retailer sells the inventory to another·retailer who will carry on a similar trade or business. The liquidating retailer cannot dispose of its inventory tax-free by merely disposing of it through a liquidation sale to individual purchasers. We also agree with Holland that the liquidating retailer who otherwise complies with the provisions of section 422.42(12)(b) would also be able to sell its capital or other noninventory assets

to the buyer tax-free without regard to the number of previous transfers of such assets.

### IV. Disposition.

Contrary to the district court's decision, we conclude that section 422.42(12)(a) rather than section 422.42(12)(b) applies to Holland's auction sale. We further conclude that the auction sale was—as a matter of law—a casual sale under Iowa Code section 422.42(12)(a) and therefore exempt from Iowa sales tax. Our decision means there is no audit deficiency to support the tax assessment and penalty in this case. We reverse and remand this case to the district court for remand to the board with directions to cancel the assessment and penalty.

**REVERSED AND REMANDED WITH DIRECTIONS.**

All justices concur except LARSON and CADY, JJ., who take no part.