# IN THE COURT OF APPEALS OF IOWA

No. 18-0815
Filed March 20, 2019

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ALI ABDELKARIM ALI,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Johnson County, Lars G. Anderson, Judge.

          Ali Abdelkarim Ali appeals from the sentence imposed upon his conviction for robbery in the second degree. **AFFIRMED.**

          Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

          Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Ali Abdelkarim Ali pled guilty to robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2017). In return for Ali's guilty plea, the State agreed to recommend the imposition of a ten-year prison sentence and a five-year minimum-mandatory sentence before Ali could become eligible for parole along with the imposition a fine of $1000. At the sentencing hearing, neither the State nor Ali made any sentencing recommendations regarding the fine. The sentencing court noted the maximum and minimum fines for second-degree robbery and stated, "Because the offense is a forcible felony, the court cannot suspend the fine and must impose at least a thousand dollar fine."

On appeal, Ali contends the district court erred in determining it did not have authority to suspend the fine for a forcible felony. Whether a district court has discretion to suspend a fine for a forcible felony is a matter of statutory interpretation that is reviewed for errors at law. *See State v. Haberer*, 532 N.W.2d 757, 758 (Iowa 1995).

> [T]he right of a sentencing judge to "suspend the execution of [a] sentence or any part of it," as provided in section 901.5(3) included the right to suspend a fine. That right is negated only when a specific statute withholds this general sentencing authority. *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979). A fine is a portion of the sentence. [*State v.*] *Chana*, 476 N.W.2d [38,] 40 [(Iowa 1991)].

*State v. Klein*, 574 N.W.2d 347, 348 (Iowa 1998) (second alteration in original). This court in *State v. Gardner*, 08-1046, 2009 WL 1067062, at *1 (Iowa Ct. App. Apr. 22, 2009), recognized that a specific statute, section 907.3, withholds the authority to suspend a sentence for a forcible felony. We find no error.

**AFFIRMED.**