STATE of Iowa, Appellee,

v.

James THORNTON, Sr., Appellant.

No. 92–20.

Supreme Court of Iowa.

Oct. 20, 1993.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Halligan Brown, Asst. Atty. Gen., William E. Davis, Co. Atty., and Gerda C. Lane, Asst. Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

James Thornton has appealed from his convictions of first-degree theft and second-degree burglary, Iowa Code §§ 713.5, 714.-2(1) (1991). He alleges errors in the trial court's procedural and evidentiary rulings and its refusal to instruct on an included offense. The court of appeals reversed. We

vacate the court of appeals decision and affirm the district court.

On July 30, 1991, Tracy Craig observed a man, later identified by her as Thornton, take her purse from a shopping cart in a Davenport store. Craig followed the man to the parking lot. The next day, Nancy Putnam saw a man, whom she also later identified as Thornton, take her purse from her parked car. Soon after these incidents, a man stole Ann Ehrecke's purse while Ehrecke and her husband were praying in a Davenport church. Two witnesses, Daniel and Julie Cutler, saw the man run from the church, carrying a purse. Thornton was later identified by the Cutlers and by Mr. Ehrecke as that man.

The State charged Thornton with two counts of first-degree theft and two counts of second-degree burglary. One burglary charge was dismissed by the court, which then denied Thornton's request to sever the trials on the three remaining charges. The case proceeded to trial.

During the trial, the State offered into evidence a stolen Illinois checkbook found in Thornton's car, which apparently had no direct connection with the theft and burglary charges.

Thornton was convicted and then appealed, alleging errors in (1) denying his motion to sever the trials; (2) failing to suppress evidence of the photographic and lineup identifications; (3) admitting evidence concerning the stolen checkbook; and (4) failing to submit the lesser included offense of fifth-degree theft.

## I. *The Severance Motion.*

 When a trial court has ruled on a motion to sever, our standard of review is for abuse of discretion. *State v. Bair,* 362 N.W.2d 509, 511 (Iowa 1985) (compares rule of criminal procedure 6(1) before and after amendment to present form). The State argues that at the threshold of this issue is the defendant's failure to file a motion to sever within the time provided by rule of criminal procedure 10(4). It provides that a motion to sever

shall be filed when the grounds therefor reasonably appear but no later than forty days after arraignment.

Thornton was arraigned on September 5, 1991, but did not file his motion to sever until November 8, 1991, well after the forty-day deadline.

We believe the court would have been justified in denying the motion based on the failure to file it in time. In any event, the trial court did not abuse its discretion in denying severance. Iowa Rule of Criminal Procedure 6(1) provides:

> Two or more public offenses which arose from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan may be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

The facts underlying the various charges in this case fall under the provisions of rule 6(1). The purse thefts occurred within a short time period and under similar circumstances. The trial court was well within its discretion in ordering a joint trial based on the "common scheme or plan" language of rule 6(1).

## II. *The Identification Testimony.*

The parties agree that our review on the identification issues is de novo. Shortly after the thefts, Thornton was identified by several witnesses from a photo array. Then, just before the trial, Thornton requested, and received, a lineup at which he was again identified. Thornton challenges both the photographic and lineup identifications.

 Under the tests adopted by the United States Supreme Court, "reliability is the linchpin" in determining the admissibility of identification testimony. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140, 154 (1977).

According to the Court, the factors to be considered in assessing reliability

> include the opportunity of the witness to view the criminal at the time of the crime,

the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Id.*

■ We reject Thornton's claim that the lineup was impermissibly suggestive. While the subjects at the lineup ranged in age and size, they were reasonably similar to Thornton and provided a reasonably close array of subjects.

■ Applying the Supreme Court's test, we conclude that the court properly admitted the identification evidence based on both the photo array and the lineup. The witnesses who identified Thornton were close to the perpetrator at the time the purses were taken, and in each case, their attention was focused on him.

As to the level of certainty expressed by the witnesses, two of them picked out Thornton's picture from a six-picture array within two hours of the crime. In one case, the witness identified Thornton after only "a couple seconds." None of the witnesses showed any hesitation in making the identification.

### III. *The Stolen Checkbook.*

■ After Thornton was arrested, the police found a checkbook in his car. The checkbook had apparently been stolen from an Illinois resident, and Thornton claims its introduction was irrelevant and prejudicial.

We agree that the evidence probably was irrelevant, but we do not believe there is a sufficient showing of prejudice to require a new trial. The checkbook ·was found on the passenger side of the car, and at the time of Thornton's arrest, the passenger seat was occupied by another person. In addition, Thornton testified that person had used his car on the night of July 30, leaving the implication that the passenger had in fact stolen the checkbook.

In view of these facts and the other evidence in the case, we do not believe that there is a reasonable likelihood that the checkbook had any effect on the jury's verdict.

### IV. *The Included Offense Issue.*

The trial court refused to submit fifth-degree theft as an included offense. The question is whether, under our "legal" or "elements" test, the refusal to submit fifth-degree theft was error.

■ For a lesser offense to be included in the greater, our test requires that the lesser offense "be composed solely of some but not all of the elements of the greater offense." *State v. Coffin,* 504 N.W.2d 893, 896 (Iowa 1993), *accord State v. Jeffries,* 430 N.W.2d 728, 736 (Iowa 1988).

The elements of first-degree theft, as submitted in this case, are that (1) the defendant took possession or control of the property from the person of the victim, (2) the defendant had the intent to deprive the owner of the property, and (3) the property belonged to the victim. Instruction No. 11. *See* Iowa Code §§ 714.1, .2 (1991).

The elements of fifth-degree theft, as to which the court refused to instruct, are that (1) the defendant took possession or control of the property, (2) he had the intent to deprive·the person of their property, (3) the property belonged to the individual, and (4) the property did not exceed fifty dollars in value. *See* Iowa Code §§ 714.1(1), .2(5).

Iowa Code section 714.2(1) provides that theft of an amount exceeding $5000 constitutes first-degree theft. It also provides that any theft from the person of another is first-degree theft, regardless of value. The latter alternative was the one submitted here.

■ In a charge of first-degree theft under the stealing-from-the-person alternative, fifth-degree theft is "not composed solely" of the elements of first-degree theft because it has the added dimension of value. Because fifth-degree theft is not an included offense under this test, it was not error for the court to refuse to submit it.

We vacate the court of appeals. decision and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.