STATE of Iowa, Appellee,

v.

Eric Allen SMITH, Appellant.

No. 96–2253.

Court of Appeals of Iowa.

Jan. 28, 1998.

Linda Del Gallo, State Appellate Defender, and John M. Priester and Patricia Reynolds, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, and Richard Crowl, County Attorney, for appellee.

Considered by HUITINK, P.J., and VOGEL and MAHAN, JJ.

HUITINK, Presiding Judge.

Defendant Eric Allen Smith appeals from his convictions and sentences for attempted murder, willful injury, and possession of a firearm as a felon in violation of Iowa Code sections 707.11 (1995), 708.4 (1995), and 724.26 (1995), respectively, following a jury trial. We reverse and remand for a new trial.

## I. Background Facts and Proceedings.

Smith was charged by trial information filed on August 29, 1996, with attempted

murder and willful injury based on allegations he shot Chris Carpenter on August 16, 1996. An additional trial information was filed on September 25, 1996, charging Smith as ·a felon in possession of a firearm. The State's motion to consolidate all the charges against Smith for trial was granted over Smith's objection.

At trial Carpenter testified Smith was the person who shot him from the passenger side of a car that overtook Carpenter's vehicle while both were traveling on a Council Bluffs street. Kenny Anderson testified he was the driver of the car from which the shot was fired and Smith was a passenger in the car. Anderson also testified he saw Smith shoot Carpenter. Over Smith's objection, a police officer was allowed to testify about his investigatory interviews with Carpenter and Anderson. The officer testified:

Q: What details did he [Anderson] give you about the incident?

WITNESS: When we talked to Chris Carpenter—or when I talked to him, he had described how a vehicle had come up behind his vehicle had came up behind his vehicle, had—had pulled around to the left side of his vehicle and how the passenger in that vehicle stuck a gun out the window and shot him in the face and that's—Kenny Anderson also said the same things.

Smith denied shooting Carpenter. Although Smith did not testify, he called witnesses who testified he was seen elsewhere at the time of the shooting.

Smith was convicted as charged. On appeal he argues the district court erred in consolidating the felon in possession of a firearm charge with the other offenses. He also argues the testimony of the police officer concerning investigatory interviews was hearsay and should have been excluded.

## II. Standard of Review.

■ We review for errors at law. Iowa R.App. P. 4. The district court's decision to consolidate all the charges against Smith is reviewed for an abuse of discretion. Iowa R.Crim. P. 6(1); *State v. Thornton*, 506 N.W.2d 777, 779 (Iowa 1993). The trial court's ruling on the admission or exclusion of evidence will not be disturbed absent an abuse of discretion. *State v. Hubka*, 480 N.W.2d 867, 868 (Iowa 1992).

## III. Consolidation Order.

Iowa Rule of Criminal Procedure 6(1) provides:

Two or more public offenses which arose from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan may be alleged and prosecuted as separate counts in a single ... information ..., unless for good cause shown, the trial court in its discretion determines otherwise....

This rule in its amended form serves the goals of judicial economy and allows the State more leeway in charging multiple offenses. *State v. Lam*, 391 N.W.2d 245, 249 (Iowa 1986).

■ Multiple offenses arise out of the same transaction or occurrence "where the facts of each charge can be explained adequately only by drawing upon the facts of the other charge." *State v. Bair*, 362 N.W.2d 509, 512 (Iowa 1985). If either crime can be proven without reference to the other, this test is not met and severance is required. *Id.*

■ A "common scheme or plan by its very definition presupposes that it involves a series of separate transactions or acts." *State v. Lam*, 391 N.W.2d at 249. The test applied in making this determination is "the requirement that all offenses charged must be products of a single or continuing motive." *Id.* at 250 (citing *State v. Garrette*, 699 S.W.2d 468, 493 (Mo.Ct.App.1985)).

■ Even if one or both of the foregoing tests are satisfied, Rule 6(1) provides for discretionary severance upon a showing of good cause. In this circumstance, "a trial on multiple charges must strike the proper balance between the antipodal themes of ensuring [a] defendant a fair trial and preserving judicial efficiency." *State v. Geier*, 484 N.W.2d 167, 173 (Iowa 1992). The defendant has the burden to show "his interest in receiving a fair trial uninfluenced by the prejudicial effects which could result from a joint

trial outweighed the State's interest in judicial economy." *State v. Lam*, 391 N.W.2d at 251 (citing *State v. Trudo*, 253 N.W.2d 101, 104 (Iowa 1977) *cert. denied* 434 U.S. 903, 98 S.Ct. 299, 54 L.Ed.2d 189 (1977)). This burden can be met by showing the jury is unable to compartmentalize the evidence offered to prove each consolidated charge. *State v. Geier*, 484 N.W.2d at 173.

■ A Rule 6(1) determination is distinguished from an evidentiary ruling by its concern for which offenses may be properly joined for prosecution in a single trial and not crimes which are admissible as evidence to prove the offense charged. *State v. Lam*, 391 N.W.2d. at 250. Although the rules of evidence limiting admission of prior crimes are not implicated by this determination, considerations of unfair prejudice are common to both contexts. *See Id.; State v. Plaster*, 424 N.W.2d 226, 231–32 (Iowa 1988). Our severance rules are also distinguished from the rules of evidence by the consideration of judicial economy as opposed to evidentiary concerns for the probative value of a defendant's criminal history. *Id.*

■ In this appeal, Smith does not dispute the district court's determination that the consolidated charges arose out of the same transaction or occurrence. Our consideration is therefore limited to the propriety of the district court's finding of good cause supporting its consolidation order.

■ As already noted, the good cause determination required by Rule 6(1) requires a balance of the defendant's right to a fair trial and the State's interests in judicial economy. *State v. Geier*, 484 N.W.2d at 173. Consolidation of multiple charges advances the interests of judicial economy by avoiding duplicative proceedings when the proof underlying several offenses is the same. *State v. Dicks*, 473 N.W.2d 210, 214 (Iowa App.1991). The prejudice discretionary severance seeks to prevent includes that which inherently attends evidence of a defendant's other crimes. *Id.; see also Old Chief v. United States*, 519 U.S. 172, ——, 117 S.Ct. 644, 650, 136 L.Ed.2d 574, 589 (1997). Unfair prejudice means "an undue tendency to suggest decisions on an improper basis, commonly though not necessarily, an emotional one." *State v. Plaster*, 424 N.W.2d at 231 (citing Fed. R.Evid. 403). It has also been observed:

> The appellate court may conclude that "unfair prejudice" occurred because an insufficient effort was made below to avoid the dangers of prejudice, or because the theory on which the evidence was offered was designed to elicit a response from the jurors not justified by the evidence.

*State v. Plaster*, 424 N.W.2d at 232 (citations omitted).

After reviewing the record, we fail to see how the State's interest in judicial economy was advanced by the district court's consolidation order. Smith's election not to testify precluded the use of his prior felony convictions for impeachment purposes. He also stipulated to the prior felonies thereby eliminating the need for the State to prove this essential element of the offense of a felon in possession of a firearm. Moreover, as Smith correctly notes, the remaining elements of this offense lent themselves to discreet and efficient resolution by the use of special interrogatories or a supplemental trial information. Under these circumstances any nominal benefits of consolidation were clearly and substantially outweighed by the prejudice attending disclosure of Smith's prior felony convictions to the jury. Because the district court's efforts to avoid prejudice in this case were insufficient, we find the decision to consolidate the felon in possession of a firearm charge was an abuse of the district court's discretion under Rule 6(1).

Our resolution of this issue in Smith's favor obviates the need to consider the remaining issue raised in this appeal.

The judgment of the district court is reversed and this case is remanded for a new trial.

**REVERSED AND REMANDED FOR NEW TRIAL.**