STATE of Iowa, Appellee,

v.

Milton Wayne OWENS, Appellant.

No. 00–1030.

Supreme Court of Iowa.

Oct. 10, 2001.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, William E. Davis, County Attorney, and Jerald Feuerbach, Assistant County Attorney, for appellee.

NEUMAN, Justice.

The State charged Milton Owens with being a felon in possession of a firearm, in violation of Iowa Code section 724.26 (1999),[1] as well as a number of drug-related crimes, after Davenport police executed a search warrant at an apartment he occupied. A jury found Owens guilty as charged. Owens now claims he was denied effective legal assistance because trial counsel failed to (1) move to sever trial of the firearm charge from the drug offenses or, (2) timely request that the jury only be asked to answer an interrogatory about the firearm possession, without advising it about his felony status. The State cross-appeals, citing the court's failure to properly apply sentence-enhancement provisions pertaining to Owens' habitual offender status and prior drug-related convictions. We affirm the convictions but remand for resentencing.

## I. Background Facts and Legal Proceedings.

Davenport police attempted to execute a search warrant at an apartment leased by Sherrie Shelby. When no one answered, the officers broke open the door with a three-foot steel ram. They immediately saw the defendant, Milton Owens, who ran from the kitchen down a hall to a bedroom, yelling, "Police department! Search warrant!"

Two officers who chased Owens to the bedroom found him crouched on the bed, leaning over the far side with his hands on it. Officers found a .22 caliber pistol under the corner of the mattress next to Owens. They also discovered marijuana in the bedroom's closet floor and shelf, along with men's clothing.

Further search of the apartment revealed baggies of marijuana in another bedroom, a partial blunt cigar containing marijuana, and a key chain with two keys, one of which fit the vehicle officers observed Owens drive to the apartment, and the other which fit the apartment's lock. The officers also found an electronic scale, two pagers and a cell phone. There were eighty rounds of .22 caliber ammunition in a hallway closet and a substantial quantity of crack cocaine underneath cookware in the kitchen. Plastic baggies with the corners removed were found in the garbage. Officers testified the corners are used to wrap rocks of cocaine in preparation for sale.

The State charged Owens with possession with intent to deliver cocaine base while in the immediate possession of a firearm, in violation of Iowa Code section 124.401(1)(c) and (e) (Supp.1999); failure to affix a drug tax stamp, in violation of Iowa Code section 453B.12; and being a felon in possession of a firearm, a violation of Iowa Code section 724.26.[2] The trial information also alleged that Owens had previously been convicted of an offense

---

1. All statutory references will be to the 1999 Code unless otherwise indicated.

2. An additional charge of possession of marijuana with intent to deliver was dismissed on the first day of trial.

relating to cocaine and had twice been convicted of a felony, making him an habitual offender. *See* Iowa Code §§ 124.411 (authorizing treble punishment for second-or-subsequent drug offenders); 902.8 (habitual offender sentencing).

At trial, the prosecutor told the jury that "the defense and the State stipulate that the defendant has previously been convicted of a felony." Owens' counsel readily acknowledged that, by so stipulating, prejudicial details about Owens' prior criminal history would be kept from the jury. But defense counsel objected to the court's inclusion of the stipulation in its statement of the case to the jury, contending the stipulation was merely evidence, not fact, and could be accepted or rejected by the jury. The court overruled Owens' objection to the instruction.

The jury found Owens guilty as charged. Owens then stipulated on the record that the State could not only prove his conviction of two prior felonies but that one of those felonies was drug-related.

In Owens' subsequent motions for new trial and in arrest of judgment, he reiterated his claim that the court should not have referred to the felony stipulation in its statement of the case. He also argued, for the first time, that the court should have used an entirely different method of instructing the jury on the felon-in-possession charge. Owens claimed the jury simply should have been asked to answer an interrogatory concerning his firearm possession; then, based on the parties' stipulation, the court could have entered a guilty verdict on the charge. That way, Owens argued, he would have avoided the prejudice associated with the jury's knowledge of his felony status. The court, concluding the jury was required to find Owens guilty beyond a reasonable doubt on each of the essential elements of the crimes charged, overruled Owens' motions.

For the crime of possession with intent to deliver while in control of a firearm, as an habitual offender, the court sentenced Owens to a term of imprisonment not to exceed twenty-five years. Violation of the drug stamp tax act, as an habitual violator, brought a fifteen-year term. The court also imposed a fifteen-year sentence for the felon in possession of a firearm charge. The sentences were ordered to run concurrently.

Owens appeals and the State cross-appeals.

## II. Issues on Appeal/Scope of Review.

Owens seeks reversal on alternate grounds, each of which rests on alleged ineffectiveness of trial counsel: (1) that counsel should have moved to sever trial on the felon-in-possession charge from trial on the drug charges, or (2) in keeping with *State v. Smith*, 576 N.W.2d 634, 637 (Iowa Ct.App.1998), counsel should have urged the court to simply submit an interrogatory to the jury concerning Owens' alleged firearm possession, without mentioning his felony status. Because Owens' claims implicate his constitutional right to counsel, our review is de novo. *State v. Westeen*, 591 N.W.2d 203, 207 (Iowa 1999).

On its cross-appeal, the State claims the court erred in failing to apply the habitual offender enhancement of Iowa Code section 902.9(2) prior to enhancing Owens' sentence for possession while in control of a firearm under section 124.401(e). It also contends the court erred in concluding the trebling provisions of section 124.411 did not apply to Owens' sentence. We review these claims for the correction of errors at law. *State v. Beach*, 630 N.W.2d 598, 600 (Iowa 2001).

## III. Analysis.

**A. Alleged ineffectiveness of counsel.** To prevail on a claim of ineffec-

tiveness of counsel, Owens must show by a preponderance of the evidence that counsel failed to perform an essential duty and that prejudice resulted. *State v. Hopkins,* 576 N.W.2d 374, 378 (Iowa 1998). Failure to perform an essential duty may be established by proof that counsel's failure to raise an issue fell outside the normal range of lawyer competency. *Westeen,* 591 N.W.2d at 207. Ineffectiveness may not be premised, however, on failure to raise an issue having no merit. *Id.* We turn, then, to the merits of Owens' claims.

■ *1. Severance of felon-in-possession charge.* Iowa Rule of Criminal Procedure 6(1) provides that multiple offenses

which arise from the same transaction or occurrence ... when alleged and prosecuted contemporaneously, shall be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

A decision under the rule is subject to reversal only upon proof of abuse of trial court discretion. *State v. Geier,* 484 N.W.2d 167, 172 (Iowa 1992); *State v. Bair,* 362 N.W.2d 509, 512 (Iowa 1985).

■ The parties do not dispute the fact that the charges of possession with intent to deliver, failure to affix a drug tax stamp and felon in possession of a firearm all arose from the same incident. The question is whether, had the motion to sever been made by trial counsel, the court would have exercised its discretion to sever the felon-in-possession charge from the others. We, of course, cannot speculate about what the court might have done had the motion been made. But our prior cases teach that the goal of rule 6(1) is to achieve "judicial economy through the joinder of related offenses." *State v. Lam,* 391 N.W.2d 245, 249 (Iowa 1986). Assuming a proper motion had been made, the

burden would have rested upon Owens to prove that any prejudice resulting to him from a joint trial outweighed the State's interest in judicial economy. *Id.* at 251. So the question before us is this: Would it have been an abuse of trial court discretion *not* to find good cause to sever in these circumstances? For the reasons that follow, we think not.

Owens contends that, by its very nature, a felon-in-possession charge puts the jury on notice of a defendant's status as a felon, thereby injecting unfairness into its deliberations. Indeed, this appears to be the conclusion reached in the case upon which Owens relies for reversal, *State v. Smith.* There, under similar facts, the court observed that "[t]he prejudice discretionary severance seeks to prevent includes that which inherently attends evidence of a defendant's other crimes." *Smith,* 576 N.W.2d at 637. Owens asks this court to draw from this observation a *per se* rule compelling severance whenever the State charges a felon with being in possession of weapons along with other related charges. But such a rule will not be found in *Smith.* The court's decision ultimately rested on its conclusion that good cause supporting a consolidation order may be overcome by "showing the jury is unable to compartmentalize the evidence offered to prove each consolidated charge." *Id.* Because the court of appeals believed the trial court's efforts in that regard failed, it remanded for a new trial. *Id.*

■ In any multi-charge trial, the court faces the challenge of striking a proper balance between the "antipodal themes of ensuring [a] defendant a fair trial and preserving judicial efficiency." *Id.* at 636 (quoting *State v. Geier,* 484 N.W.2d 167, 173 (Iowa 1992)). We believe the trial court met that challenge in Owens' case. The evidence concerning Owens' status as

a felon was imparted in a one-sentence stipulation read by the prosecutor at the close of the State's case. The specific felony was not identified, nor were facts concerning the crime detailed for the jury. Moreover, the court gave a specific limiting instruction telling the jury it could only consider the stipulation in relation to the felon-in-possession charge. When the State charges crimes separately and the court gives a limiting instruction, we presume the jury follows the instruction, thereby minimizing any possible prejudice. *See State v. Oetken*, 613 N.W.2d 679, 689 (Iowa 2000); *State v. Brown*, 397 N.W.2d 689, 697 (Iowa 1986).

Additionally, the State's usual interest in judicial economy was increased here by the fact that Owens' drug-possession charge also involved proof that he was in immediate possession or control of a firearm. Had the trials been severed, the State would have been required to reintroduce, for a second jury, identical evidence regarding Owens' control of the .22 caliber revolver on the night in question. While such duplication of effort must be expended in a case where the potential for prejudice is great, we are not convinced that potential has been shown here.

In conclusion, when we balance possible prejudice to Owens' right to a fair trial with the State's interest in judicial efficiency, we cannot say Owens has met the showing necessary to require severance. Accordingly, his trial counsel did not breach an essential duty by failing to raise the issue. No ground for reversal appears.

■ *2. Special interrogatory.* Owens also contends his trial counsel should have timely asked the court to submit an interrogatory concerning his firearm possession in place of the uniform marshalling instruction and verdict form on the felon-in-possession charge. He claims the instruc-

tions, as given, required the jury to find he was a felon, a matter to which he had already stipulated. This, he claims, unfairly prejudiced him. He insists the jury only needed to determine whether, during the incident in question, he was in the immediate possession or control of a firearm.

Owens again relies on the court of appeals' decision in *Smith* for his argument. There, without citation of authority, the court suggested that a defendant's stipulation to a prior felony "eliminat[es] the need for the State to prove this essential element of the offense of a felon in possession of a firearm." *Smith*, 576 N.W.2d at 637. The court went on to suggest that "remaining elements of this offense len[d] themselves to discreet and efficient resolution by the use of special interrogatories or a supplemental trial information." *Id.* Postponing for a moment the question of whether the court of appeals was correct in these conclusions, we note that Owens' post-trial motion, renewed on appeal, is diametrically opposed to his position at trial. At trial Owens' counsel insisted his stipulation was merely "evidence," not "fact." He objected to the court's inclusion of the stipulation in its statement of the case, yet insisted the State was required to prove both his status as a felon and his firearm possession beyond a reasonable doubt under the uniform marshalling instruction.

■■ We need not try to reconcile Owens' inconsistent courses because, in any event, counsel was not ineffective for failing to seek a separate interrogatory regarding gun possession. When a prior conviction forms an essential element of the current charge, rather than merely furnishing the basis for an enhanced sentence, the jury must determine guilt on that element beyond a reasonable doubt; answering an interrogatory will not suffice.

*State v. Cook,* 565 N.W.2d 611, 614–15 (Iowa 1997). Even if the defendant stipulates to guilt on an element of an offense, the court must still instruct the jury as to the stipulation. *State v. Walton,* 311 N.W.2d 110, 113 (Iowa 1981). It is from this stipulation that the jury determines a defendant's guilt beyond a reasonable doubt. To the extent *Smith* holds contrary to these decisions, we hereby overrule it.

Because Owens was not entitled to avoid a marshalling instruction, and verdict form, on the question of his guilt for the crime of felon in possession of a firearm under Iowa Code section 724.26, his counsel was not ineffective for failing to object to the uniform instructions given.

***B. Sentencing issues.*** On cross-appeal, the State alleges two errors in the trial court's application of statutory sentence enhancements. First, it insists the court should have applied the habitual-offender enhancement of Iowa Code section 902.9(2), which is fifteen years, before doubling the sentence for possession of a firearm pursuant to section 124.401(1)(e), for a total sentence of thirty years rather than twenty-five. Second, it claims the court should have tripled this thirty-year sentence because Owens' previous conviction for a drug tax stamp violation constitutes a drug offense under the enhancement provisions of section 124.411.

■■■ We review these challenges to the trial court's interpretation and application of sentencing statutes for correction of

errors at law. *State v. Stephenson,* 608 N.W.2d 778, 784 (Iowa 2000).

*1. Habitual offender and firearm possession enhancements.* Iowa Code section 124.401(1)(c) specifically provides that any violation of its subsection is a class "C" felony. While section 902.9(3) provides that the maximum sentence for most class "C" felonies is ten years, subsection (3) specifically states this only applies to those who are not habitual offenders.[3] Habitual offenders are sentenced to a term not to exceed fifteen years pursuant to section 902.9(2). An habitual offender is

> any person convicted of a class "C" or "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States....

Iowa Code § 902.8.

The issue before us concerns the interaction between the habitual-offender enhancement and the firearm possession enhancement required by Iowa Code section 124.401(1)(e).[4] We recently addressed this question in *State v. Sisk,* 577 N.W.2d 414 (Iowa 1998). Sisk was convicted and sentenced for delivery of a controlled substance as a second offender and as an habitual offender. After Sisk stipulated to two prior convictions for class "C" felonies, one under chapter 124, the court sentenced him to an indeterminate term of forty-five years by tripling the fifteen-year habitual offender sentence of section 902.9(2) in accordance with section 124.411. *Sisk,* 577 N.W.2d at 416.

---

**3.** Section 902.9(3) states "[a] class 'C' felon, *not a habitual offender,* shall be confined for no more than ten years...." (Emphasis added.)

**4.** This section states:
   A person in the immediate possession or control of a firearm while participating in a

> violation of this subsection [124.401(1)] shall be sentenced to two times the term otherwise provided by law, and no such judgment, sentence, or part thereof shall be deferred or suspended.
Iowa Code § 124.401(1)(e).

We affirmed the court's sentence, relying on *State v. Draper*, 457 N.W.2d 600 (Iowa 1990). *Id.* In *Draper*, we determined the habitual-offender enhancement imposed pursuant to section 902.9 "dovetailed" with section 204.401 (which is now section 124.401) because section 902.9 applies "to any person convicted of a felony," even though the chapter governing drug-related crimes has its own enhancement provisions for second and subsequent offenses. *Draper*, 457 N.W.2d at 603. We concluded that chapter 204, which was chapter 124 at the time we decided *Sisk*, merely borrowed from chapter 902 in calculating sentences for those who had violated chapter 204 more than once. *Id.; see Sisk*, 577 N.W.2d at 416.

■ The analysis we applied in *Sisk* and *Draper* applies with equal force to Owens. Owens, who stipulated to convictions for two class "C" or class "D" felonies, was an habitual offender as defined by section 902.8. Even though a violation of section 124.401(1)(c) constitutes a class "C" felony, the usual ten-year sentence mandated by section 902.9(3) does not apply because Owens is an habitual offender. The district court should have looked first to 902.9(2), which required it to sentence Owens to a term not to exceed fifteen years. Only then should the court have doubled this sentence pursuant to the firearm enhancement found in section 124.401(1)(e) for a total sentence not to exceed thirty years.

Accordingly, we vacate Owens' sentence and remand for resentencing, applying the sentence enhancements in the proper order.

■ *2. Second or subsequent drug offense enhancement.* Iowa Code section 124.411 provides:

1. Any person convicted of a second or subsequent offense under this chapter, may be punished by imprisonment for a period not to exceed three times the term otherwise authorized. . . .

2. For the purposes of this section, an offense is considered a second or subsequent offense, if, prior to the person's having been convicted of the offense, the offender has ever been convicted *under this chapter or under any state or federal statute relating to narcotic drugs or cocaine, marijuana, depressant, stimulant, or hallucinogenic drugs.*

(Emphasis added.) Owens stipulated he had previously been convicted of failure to affix a drug tax stamp in violation of Iowa Code section 453B.12. Yet, he asserts that section 124.411's enhancement is inapplicable in this case for two reasons. First, he contends the enhancement was only intended to apply to prior convictions under Iowa Code chapter 124 ("this chapter") and similar convictions from other states and federal jurisdictions, but not "other" Iowa statutes. This is the argument relied on by the district court for its decision. The State counters that the phrase "any state or federal statute" includes Iowa statutes not specifically listed.

Alternatively, Owens asserts his conviction under section 453B.12 does not qualify as a conviction under a statute "relating to narcotic drugs or cocaine, marijuana, depressant, stimulant, or hallucinogenic drugs." *See* Iowa Code § 124.411(2). He claims section 453B.12 is a taxing statute, not a criminal drug statute. The State counters that the statutory term "related" suggests a broad application of the enhancement provision, not limited to possession or delivery statutes.

■ Our goal in interpreting section 124.411 is—as with all statutes—to give effect to the legislature's intent. *State v. Sailer*, 587 N.W.2d 756, 759 (Iowa

1998). We start by looking at the words used by the legislature, *id.*, and may not look beyond those words when the language and meaning of a statute are unambiguous. *State v. Haberer,* 532 N.W.2d 757, 759 (Iowa 1995). Moreover, we are obliged to look at what the legislature said, not what it might have or could have said. *Id.* Finally, we give words their ordinary and common meaning absent any specific legislative definition or meaning in law. *State v. McCoy,* 618 N.W.2d 324, 325 (Iowa 2000).

We first turn to whether section 453B.12 is "any state or federal statute" as provided in section 124.411(2). Owens claims that if the legislature intended to include section 453B.12 in this group, it would have specifically named that section, just as it specifically referred to chapter 124 as "this chapter." However, Owens' interpretation would require us to read "other" into the statute before the words "state or federal statute." This would be incompatible with the legislature's choice of the modifier "any" which means "one selected without restriction." Webster's Ninth New Collegiate Dictionary 93 (1986). Moreover, we think the interpretation Owens urges would create an absurd and anomalous result. We can conceive of no legitimate reason for the legislature to exempt Iowa drug dealers from an enhancement required to be imposed on drug dealers convicted in other states. *See Draper,* 457 N.W.2d at 604 (statutes should be construed to avoid unreasonable and absurd results).

That brings us to the second question—whether a conviction for failure to affix a drug tax stamp is "any state or federal statute *relating* to narcotic drugs or cocaine, marijuana, depressant, stimulant, or hallucinogenic drugs." Iowa Code § 124.411(2) (emphasis added). The common definition of "relate" is "to have a

relationship with or a connection." Webster's Ninth Collegiate Dictionary 994 (1986). The intended breadth of the statute is thus clear: A prior conviction under any state or federal statute having a relationship with or connection to cocaine or other narcotic drugs is considered a second or subsequent offense for the purpose of enhancement in accordance with section 124.411(1).

Iowa Code section 453B.12 fits this definition of a second or subsequent offense. The statute makes it a class "D" felony for a "dealer distributing, offering to sell, or possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia...." Iowa Code § 453B.12. A taxable substance is defined by section 453B.1(10) as

a controlled substance, a counterfeit substance, a simulated controlled substance, or marijuana, or a mixture of materials that contains a controlled substance, counterfeit substance, simulated controlled substance, or marijuana.

Section 453B.1(1) defines a controlled substance as those defined in section 124.401, which includes cocaine. Thus, section 453B.12 has a relationship with or connection to the narcotic drugs listed in section 124.411(2).

Because we conclude that Iowa Code section 453B.12 is "any state or federal statute relating to narcotic drugs," we vacate the sentence imposed by the district court and remand for resentencing consistent with the enhancement permitted under section 124.411.

## IV. Conclusion.

We affirm Owens' convictions for possession with intent to deliver cocaine, failure to affix a drug tax stamp, and felon in possession of a firearm. However, because the court incorrectly applied the ap-

plicable sentencing enhancements, we remand for resentencing in accordance with this opinion.

**APPEAL AFFIRMED; CROSS APPEAL REVERSED AND REMANDED FOR RESENTENCING.**

SNELL, S.J.,* participates in lieu of STREIT, J., who takes no part.

---

* Senior Judge assigned by order pursuant to       Iowa Code section 602.9206 (2001).