# IN THE COURT OF APPEALS OF IOWA

No. 15-2130
Filed January 11, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JULIUS NATHANIEL TURNER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

Julius Turner appeals the judgment and sentence entered after a jury found him guilty of sexual abuse. **AFFIRMED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Julius Turner appeals the judgment and sentence entered after a jury found him guilty of two counts of second-degree sexual abuse and one count of third-degree sexual abuse. He raises four claims on appeal: (1) the admission of certain evidence violated the Confrontation Clauses of the Federal and Iowa Constitutions; (2) his trial counsel was ineffective in failing to request a limiting instruction regarding evidence of other bad acts; (3) there is insufficient evidence to support his convictions; and (4) his convictions are contrary to the weight of the evidence.

### I. Background Facts and Proceedings.

In 2011, the State charged Turner with two counts of second-degree sexual abuse and one count of third-degree sexual abuse following allegations that Turner had committed acts of sexual abuse on three minors. A jury found Turner guilty as charged. His convictions were vacated in a postconviction-relief action, and Turner was retried on all three counts. A jury again found Turner guilty as charged, and Turner was sentenced to life in prison without the possibility of parole on each count.

### II. Confrontation Clause.

Turner first asserts he is entitled to a new trial because the trial court admitted evidence in violation of the Confrontation Clause of the Federal and Iowa Constitutions. Specifically, he complains that when the State failed to procure a witness at trial, the court admitted that witness's transcript of testimony from the first trial—even though the State failed to show the witness was unavailable to testify at the second trial.

The Confrontation Clause provides that the accused has a right "to be confronted with the witnesses against him." *See State v. Kennedy*, 846 N.W.2d 517, 522 (Iowa 2014) (quoting both U.S. Const. amend. VI and Iowa Const. art. I, § 10). It ensures that testimonial statements from prior proceedings can only be admitted in subsequent proceedings if the declarant is unavailable and the accused has had a prior opportunity for cross-examination of the declarant. *See id.* There is no doubt the evidence at issue here was testimonial in nature and therefore falls under the Confrontation Clause protections. *See id.* (noting former trial testimony is testimonial evidence). *See id.* at 522-23. Likewise, Turner had an opportunity to cross-examine the witness during the first trial. The fighting issue is whether the witness was unavailable under the Confrontation Clause.

A witness is not "unavailable" for Confrontation Clause purposes "unless the prosecutorial authorities have made a good faith effort to obtain [the witness's] presence at trial." *State v. Holland*, 389 N.W.2d 375, 379 (Iowa 1986) (quoting *Barber v. Page*, 390 U.S. 719, 724–25 (1968)). The State bears the burden of establishing unavailability, and whether the State made a good faith effort to obtain a witness's presence at trial is a question of reasonableness. *See State v. Wells*, 437 N.W.2d 575, 579 (Iowa 1989). Our supreme court has held a witness's act of leaving the state—on its own—is insufficient to establish unavailability. *See State v. Kite*, 513 N.W.2d 720, 721 (Iowa 1994) (noting the State could have paid for the witness's "mileage, room, and board in advance to alleviate any financial hardship" in returning to the state to testify at trial); *Holland*, 389 N.W.2d at 379 (holding the State failed to meet its burden of

showing a witness's unavailability because "[t]he prosecutor should have subpoenaed the witness again for trial").

The evidence here establishes that the State made a good faith effort to procure the witness's testimony at the second trial. The State attempted to timely serve the witness with a subpoena at her last known address. It was only three weeks before trial began when the State learned the witness was no longer at that residence and had left the area. The county attorney attempted to contact the witness through an attorney who represented her in an unrelated criminal matter. Although the attorney was unaware of where the witness was living and had difficulty staying in contact with her, the attorney was able to relay the county attorney's messages to her. Eventually, the witness called the county attorney from a Tampa, Florida phone number, but she refused to reveal her location more specifically than stating she was in the southern part of Florida. The county attorney offered to pay for the witness's expenses to travel to and stay in Iowa during the trial but was ultimately unable to persuade her to return.

The State met is burden of proving the witness was unavailable. Accordingly, the trial court properly admitted her testimony from Turner's first trial into evidence at his second trial.

### III. Limiting Instruction.

Turner next contends the trial court should have given the jury a limiting instruction regarding evidence of other bad acts. Specifically, he complains the court should have instructed the jury that it could not use one child's testimony regarding Turner's sexual abuse to find Turner had a propensity to commit sexual abuse or to find him guilty of sexually abusing the two other children.

Because Turner's trial counsel did not request a limiting instruction, Turner raises this claim under an ineffective-assistance-of-counsel rubric. *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) ("Ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules.").

We review ineffective-assistance claims de novo. *See id.* In order to succeed on such a claim, a defendant must show that counsel failed to perform an essential duty and, as a result, prejudice occurred. *See State v. Effler*, 769 N.W.2d 880, 890 (Iowa 2009). Unless the defendant proves both prongs, the ineffective-assistance claim fails. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Generally, we presume counsel was competent, and the defendant must overcome that presumption. *See Ondayog*, 722 N.W.2d at 785.

Evidence of other bad acts is admissible for limited purposes. *See* Iowa R. Evid. 5.404(b) (listing "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" as valid purposes for admitting evidence of other bad acts). However, it may not be used to prove the defendant committed a crime based on proof that the defendant committed another criminal act or has a criminal disposition. *See State v. Conner*, 314 N.W.2d 427, 429 (Iowa 1982). In admitting evidence of other bad acts, the question is whether the evidence is relevant and whether its probative value is substantially outweighed by the danger the defendant will be unfairly prejudiced, and one way the trial court may alleviate the danger of unfair prejudice is to instruct the jury on the limited purpose for which it may consider the evidence of a defendant's prior bad acts. *See id.* ("Only in extreme cases will such a

cautionary instruction be deemed insufficient to remove the danger of prejudice.").

The State concedes that counsel could have requested a limiting instruction, but it argues that failing to request one does not amount to a breach of duty. The State posits that counsel may have had strategic reasons for not requesting a limiting instruction as it may have drawn the jurors' attention back to the other-bad-acts evidence, putting it in the forefront of their minds during deliberations.

Even assuming counsel had a duty to request a limiting instruction regarding the other-bad-acts evidence, Turner failed to show his counsel's failure prejudiced him. To prove prejudice, a defendant must show a reasonable probability that the outcome of the proceeding would have been different if counsel had performed competently. *See Clay*, 824 N.W.2d at 496. "In determining whether this standard has been met, we must consider the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial." *Id.* (citation omitted). In other words, if the jury would have returned a guilty verdict even if the court had given the limiting instruction Turner argues his counsel should have requested, prejudice has not been shown. *See State v. Thorndike*, 860 N.W.2d 316, 322 (Iowa 2015) (finding no prejudice shown where court was "confident the jury would have returned the same verdict of guilty" had counsel objected to an erroneous jury instruction and had the trial court had removed the offending language).

Here, the introduction of evidence of other bad acts was a product of the multiple charges Turner faced at trial. Trials involving multiple charges against a defendant must strike a proper balance between the defendant's right to a fair trial and judicial efficiency. *See State v. Owens*, 635 N.W.2d 478, 482 (Iowa 2001). The trial court attempted to strike that balance by instructing the jury as to why Turner faced multiple charges in one trial and its duty to reach a determination of Turner's guilt on each individual charge:

> The defendant has been charged with three counts. This is just a method for bringing each of the charges to trial. If you find the defendant not guilty or guilty on one of the three counts, you may not conclude guilt or non-guilt on the other counts. The defendant's non-guilt or guilt must be determined separately on each count.

Though the instruction given by the trial court differs from the one Turner now asserts counsel should have requested, it serves the same purpose. "When the State charges crimes separately and the court gives a limiting instruction, we presume the jury follows the instruction, thereby minimizing any possible prejudice." *Id.* at 483. Taking into account the limiting instruction that the trial court gave the jury, Turner is unable to show a reasonable likelihood the outcome of trial would have differed if trial counsel had requested a limiting instruction regarding other-bad-acts evidence.[1] Accordingly, his ineffective-assistance-of-counsel claim fails.

---

[1] To the extent Turner claims the evidence of other bad acts was inadmissible, we concur with the State that it was relevant to the issue of Turner's opportunity to commit the crimes, his identity, and his modus operandi. *See* Iowa R. Evid. 5.404(b) (listing all three as exceptions to the prior-bad-acts rule). Issues regarding opportunity and identity were raised—or were planned to be raised—by Turner at trial. *Cf. State v. Cox*, 781 N.W.2d 757, 769, 771 (Iowa 2010) (rejecting the argument that prior-bad-acts evidence was admissible under the "opportunity" exception where it did "not appear that opportunity and preparation were legitimate issues in this particular case" or under the

**IV. Sufficiency of the Evidence.**

Turner also contends the trial court erred in denying his motions for judgment of acquittal because substantial evidence does not support his convictions. We review challenges to the sufficiency of the evidence for correction of errors at law. *See State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). If substantial evidence—evidence that would convince a rational factfinder the defendant is guilty beyond a reasonable doubt—supports the guilty verdict, we will uphold it. *See id.* at 75-76. In evaluating the sufficiency of the evidence, we view it in the light most favorable to the State and make every legitimate inference and presumption that may fairly and reasonably be deduced from the record in the State's favor. *See id.* at 76.

Turner complains the only evidence supporting a finding of guilt was the testimony of the three children the State charged him with sexually abusing. He argues their allegations are not credible. However, credibility determinations are solely a matter for the factfinder. *See State v. Myers*, 382 N.W.2d 91, 97 (Iowa 1986). "The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). The "very function of the jury is to sort out the evidence presented and place credibility where it belongs." *State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984); *see also State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) ("It is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine

---

"modus operandi" exception where the defendant "did not raise a defense of mistaken identity").

the plausibility of explanations, or to weigh the evidence; such matters are for the jury."). We will not interfere with such credibility determinations absent "those rare circumstances where the testimony is absurd, impossible, or self-contradictory." *See State v. Neitzel*, 801 N.W.2d 612, 624 (Iowa Ct. App. 2011). Having heard the evidence presented, including those facts Turner claims undermines the children's testimony, the jury found the children's claims credible. On the record before us, we are unable to find their testimony so absurd, impossible, or self-contradictory as to warrant judgment of acquittal.

Turner also argues there is insufficient evidence that he committed an act of second-degree sexual abuse on one of the children because the child would only describe Turner as having touched her "private parts" on her "front." He argues the child's description is too vague to support a finding he engaged in a sex act. Although the child never explicitly stated that Turner touched her genitalia with his mouth or hand, *see* Iowa Code § 702.17(2), (3) (defining a sex act), when the testimony is viewed in context—and drawing all reasonable inferences from that testimony in favor of the State—it is clear that the child was describing acts that support his sexual-abuse conviction.

Sufficient evidence supports Turner's convictions. Therefore, we affirm the denial of his motions for judgment of acquittal.

**V. Weight of the Evidence.**

Finally, Turner claims the district court erred in denying his motion for a new trial because the verdict is against the weight of the evidence. The weight-of-the-evidence analysis is "much broader" than the sufficiency-of-the-evidence analysis "in that it involves questions of credibility and refers to a determination

that more credible evidence supports one side than the other." *See State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006). The question before us is whether the defendant has shown the trial court abused its discretion in ruling on the motion for new trial. *See State v. Reeves*, 670 N.W.2d 199, 202-03 (Iowa 2003). An abuse of discretion occurs when the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *See id.* at 202.

In denying Turner's motion for new trial, the district court found this case was not one of the "exceptional cases in which the evidence preponderates heavily against the verdict." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). Turner disagrees, citing evidence he alleges undermines the children's credibility, including the timing of the accusations made against him, the lack of other evidence supporting the allegations, and inconsistencies in children's testimony. However, it is not our place to consider whether the verdict is against the weight of the evidence. *See Reeves*, 670 N.W.2d at 203. Rather, we are limited to a review of the trial court's exercise of discretion. *See id.* Although Turner cites reasons that could have led the court to conclude the verdict was against the weight of the evidence, we are unable to conclude the district court abused its discretion in reaching the opposite conclusion. Therefore, we affirm the denial of Turner's motion for new trial. We also deny Turner's pro se motion for limited remand.

**AFFIRMED.**