# IN THE COURT OF APPEALS OF IOWA

No. 20-1648
Filed November 3, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD ALBERT GODFREY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Thomas P. Murphy,

Judge.


        Defendant appeals the denial of his motion to sever the trial of his assault-

with-a-dangerous-weapon charge from the trial on the charges of two counts of

possession of a firearm by a domestic violence offender.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

The day before his trial on charges for one count of assault with a dangerous weapon and two counts of possession of a firearm by a domestic violence offender, Chad Godfrey moved to sever[1] the charges into two separate trials. His rationale was that to prove the possession-of-firearm charges, the State would have to introduce prior convictions of domestic assault, which would be prejudicial evidence in the assault case. The district court acknowledged the potential prejudice but ultimately denied the motion because it was untimely. A jury found him guilty of all charges. Godfrey now appeals, claiming the court abused its discretion in denying the motion. In support of this, he cites two reasons for good cause in the delay to the motion: the COVID-19 pandemic and the late disclosure of the State's exhibits. As no good cause existed, we find the district court acted within its discretion in denying the motion to sever.

**I. Background Facts and Proceedings.**

On an evening in November 2019, J.F. suffered a beating at gunpoint in rural Jasper County. After escaping, she ran to her mother's home, and Godfrey called to say he was coming to the house. J.F. and her mother called 911, and law enforcement went to find Godfrey. When they located him, they found his vehicle stuck in a field, and they recovered a black briefcase that a witness had seen Godfrey stash in the woods. In the briefcase were two revolvers—one was loaded. After completing the investigation, in December 2019, a criminal complaint was initiated against Godfrey. The trial information and written arraignment were

---

[1] Godfrey labeled the filing a motion to bifurcate, but on appeal all parties use the term motion to sever.

filed on December 9, 2019, charging Godfrey with one count of assault with a dangerous weapon and two counts of possession of a firearm by a domestic violence offender.

Trial began in September 2020. The day before the start of trial, Godfrey moved to bifurcate, hoping to have the charges heard in two separate trials. A hearing on the motion was held on the first day of trial. In his motion, Godfrey asserted he had just received the exhibits the State planned to use to prove his past domestic violence charges[2] and believed the exhibits would be prejudicial to his current assault charge. At the hearing, Godfrey acknowledged the motion was untimely—motions to sever are to be made within forty days of filing the trial information unless there is a showing of good cause. Iowa R. Crim. P. 2.11(2), (4); *see State v. Wagner*, 410 N.W.2d 207, 212 (Iowa 1987). In defense of the late filing, Godfrey argued that "shortly after the trial information was filed, the coronavirus hit and everything has been up in the air." The court found that the filing was untimely and, with all the witnesses subpoenaed and everyone there to try the case in full, judicial economy weighed against the motion. The court acknowledged that the evidence of previous assault would cause prejudice in Godfrey's case and so crafted, and sought input from Godfrey on, an appropriate limiting instruction for the jury. Godfrey now appeals the denial of this motion.

**II. Preservation of Error.**

Preservation of error is disputed in this case. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the

---

[2] Godfrey stipulated at the pretrial conference that he had two prior domestic assault convictions.

district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Godfrey asserts he preserved error because he moved to sever and received a ruling. That said, the State argues that his appeal of that decision is limited in scope—"the argument advocated on appeal must have been made in the motion to sever." *State v. Young*, No. 09-1938, 2011 WL 4579863, at *5 (Iowa Ct. App. Oct. 5, 2011); *see also State v. Sanborn*, 564 N.W.2d 813, 815 (Iowa 1997) ("A defendant may not rest an objection on one ground at trial, and rely on another for reversal on appeal."). Because of this, the State believes that Godfrey is limited to arguing his delay was caused by the COVID-19 pandemic.

While it is true that Godfrey's written motion points to having just received the exhibits, the concern was not addressed in the hearing on the motion. And the court's ruling only addressed the COVID-19 ground:

> But for now, on the motion to sever, I'm going to overrule it. I do think there's prejudice to the assault case by presenting the possession cases. The motion was late. I do understand that there is COVID, but all the witnesses have been subpoenaed, as far as I can tell. We're all here, ready to try this. I do think the facts would be the same in both cases. And with it being late, and in the interest of judicial economy, I'm going to have the case proceed with all three counts.

The court offered no ruling on whether the timing of the disclosure of evidence constituted good cause for the delay in the motion. Without a ruling on the issue, it is not preserved. But, even if it were preserved, Godfrey's brief offers no legal authority in support of this argument. And our appellate rules provide that "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue." Iowa

R. App. P. 6.903(2)(g)(3). As the issue was both not preserved and waived in the brief, we do not address its merits.

## III. Analysis.

We review the district court's denial of a motion to sever for an abuse of discretion. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013). "The joinder rule presumes that multiple charges be tried together." *State v. Stark*, No. 19-1990, 2021 WL 1400350, at *5 (Iowa Ct. App. Apr. 14, 2021) (citing Iowa R. Crim. P. 2.6(1)). "[The defendant] bears the burden of demonstrating that prejudice exists because of the joinder of offenses, and that this prejudice outweighs the State's interest in judicial economy." *State v. Romer*, 832 N.W.2d 169, 183 (Iowa 2013). Still, before we reach the prejudice issue, we must determine whether there was good cause for the tardiness of Godfrey's motion.

If a defendant does not timely make a motion to sever, they waive their right to do so; the court may, however, "grant relief from such waiver if the defendant can show good cause for the delay." *State v. Umana*, No. 11-0667, 2012 WL 4513859, at *4 (Iowa Ct. App. Oct. 3, 2012). We consider "the adequacy of the defendant's reasons for failing to comply with the applicable rules of procedure and whether the State was prejudiced as a result." *State v. Jordan*, 799 N.W.2d 751, 755 (Iowa 2010).

Godfrey argues that the vast disturbance of the COVID-19 pandemic and the confusion it caused in the court system ought be sufficient good cause for his late motion given the delays and difficulty it caused the court system. But the excuse of the pandemic and the timeline of the filings simply do not add up. The trial information and written arraignment were filed in December 2019, and the

motion to sever should have been made in mid-January 2020. This deadline occurred weeks before the United States Department of Health and Human Services declared a national public health emergency had begun on January 27, 2020. *See* U.S. Dep't of Health & Hum. Servs., Off. of Assistant Sec'y for Preparedness and Response, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://www.phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx. And, the deadline passed months before the Governor of Iowa followed suit with a Proclamation of Disaster Emergency on March 9, 2020. *See* State of Iowa Exec. Dep't, *Proclamation of Disaster Emergency* (Mar. 9, 2020), https://governor.iowa.gov/sites/default/files/documents/202003100818.pdf. Our supreme court did not begin issuing orders about changes in court process until March 12. *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Mar. 12, 2020). Required delays in cases, allowing for the pandemic to serve as good cause for any necessary extensions of time, were not ordered until March 14. Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Mar. 14, 2020). Using any of these dates as a starting line, then, the pandemic could not have reasonably caused Godfrey to miss the January 18, 2020 deadline. Likewise, Godfrey developed no specific reasons explaining the impact of the pandemic on his case. The pandemic created unquestionable disorder, but it is not a blanket excuse for delays that occurred before its onset.

Since the COVID-19 pandemic had not yet affected the court system in Iowa at the motion-to-sever deadline, the court did not abuse its discretion when it

declined to find good cause for the untimely motion to sever. Because good cause did not exist, the issue was waived. For that reason, we need not determine whether prejudice was caused by trying the charges in the same trial.[3]

**III. Conclusion.**

We find that the COVID-19 pandemic did not serve as good cause for missing the statutory deadline to file a motion to sever. As such, we find no abuse of discretion in the court's denial of Godfrey's motion to sever his assault with a dangerous weapon charge from his possession of a firearm or offensive weapon by a domestic violence offender charges.

**AFFIRMED.**

---

[3] We would note, however, that evidence of the prior assaults was, by stipulation, read into the evidence at the end of the case. The jury was instructed: "When you decide whether or not Mr. Godfrey committed an assault in this case, you shall not consider and you shall disregard evidence that Mr. Godfrey was convicted of any other crime." With this limiting instruction, it would not appear Godfrey could show the prejudice from the joinder outweighed the State's interest in judicial economy. *See State v. Owens*, 635 N.W.2d 478, 483 (Iowa 2001) (holding that one sentence stipulation of other felony conviction, coupled with limiting instruction explaining how to apply the information, minimized any possible prejudice).