# IN THE COURT OF APPEALS OF IOWA

No. 23-1170
Filed October 30, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CARLTON DOUGLAS JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, John Telleen (pre-trial rulings) and Patrick A. McElyea (trial), Judges.

A defendant appeals his convictions for first-degree murder and possession of a firearm as a felon. **AFFIRMED.**

Alfredo Parrish of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Greer and Schumacher, JJ. Telleen, S.J., takes no part.

**TABOR, Chief Judge.**

A jury convicted Carlton Douglas of first-degree murder and possession of a firearm as a felon. On appeal from that verdict, he alleges that two jury instructions misstated the law on self-defense. He also contends the two charges should have been severed for trial. Trouble is, his trial counsel did not preserve error on either issue. And we can no longer consider claims of ineffective assistance of counsel on direct appeal. No doubt expecting that roadblock, Douglas promotes his appeal as a good candidate for plain error review. But that route is also closed to us under *State v. Treptow,* 960 N.W.2d 98 (Iowa 2021).

## I. Facts and Prior Proceedings

In December 2020, Douglas shot and killed Cedric Hood in the parking lot of the Hop-N-Shop in Clinton. Surveillance video captured the shooting. Hood's girlfriend and her son were inside the convenience store when Douglas pulled into the lot. Douglas left his car, approached the driver's side window of Hood's SUV, and fired six shots at Hood. Douglas then returned to his car, where his girlfriend was waiting, and they drove away. His girlfriend testified that Douglas said: "That's first-degree murder, girl. Pull off."

The State indeed charged Douglas with first-degree murder, a class "A" felony in violation of Iowa Code sections 707.1 and 707.2 (2020), as well as possession or control of a firearm as a felon, a class "D" felony in violation of section 724.26(1). After several continuances, the district court set Douglas's trial for June 2023.

At trial, the prosecution offered evidence that Hood and Douglas had been involved with the same woman, which angered Hood. In November 2020, Hood

sent Douglas threatening text messages. And Douglas believed that Hood shot out the back window of his car when it was parked on the street. The prosecution theorized that Douglas shot Hood a few days later in retaliation. After hearing three days of evidence, the jury returned verdicts finding Douglas guilty as charged. The court entered judgment and sentenced Douglas to life in prison on the murder count and five years on the felon-in-possession count, to run concurrently. Douglas now appeals that judgment.

## II.    Analysis

### A.  Jury Instructions

Douglas challenges two jury instructions on appeal. Those challenged instructions addressed his duty to retreat:

**INSTRUCTION NO. 34**

If you find the Defendant was not engaged in illegal activity, he has no duty to retreat from any place where they are lawfully present before using force as described in these instructions.

If the State has proven the Defendant was engaged in illegal activity, the Defendant had a duty to retreat if retreat was a reasonable alternative to using force. The term "illegal activity" is defined in Instruction No. 40.

**INSTRUCTION NO. 40**

The State must prove both of the following elements of Possession Of Firearm By A Felon:

1. On or about the 3rd day of December, 2020, the defendant knowingly possessed or had under his dominion and control a firearm.
2. The defendant was previously convicted of a felony.

If the State proved both of the elements, the defendant is guilty of Possession Of Firearm By A Felon. If the State has failed to prove either of the elements, the defendant is not guilty.

Douglas asserts that the "obvious harm" in the first instruction emerges when it cross-references the marshalling instruction for felon-in-possession as the definition of "illegal activity." He contends that these two instructions misstate the law and highlight his felony record.

In its appellee's brief, the State argues that Douglas did not preserve error on his current claim. The State recognizes that Douglas submitted proposed jury instructions before trial. But the State notes that in the final discussion of the justification instructions, defense counsel told the court that the duty-to-retreat instruction "adequately addresses the [stand-your-ground] issues as raised in [*State v. Ellison*, 985 N.W.2d 473 (Iowa 2023)]. So we do not raise an objection to proposed Instruction No. 34." The State contends that Douglas is bound by his failure to challenge these jury instructions in their final form. *See State v. Maghee*, 573 N.W.2d 1, 8 (Iowa 1997) (noting parties "may not amplify or change the objection on appeal"). We agree that because Douglas did not object to the final jury instructions, he did not preserve error. *See State v. Davis*, 951 N.W.2d 8, 16 (Iowa 2020) (citing *State v. Sallis*, 262 N.W.2d 240, 248 (Iowa 1978)).

In his reply brief, Douglas relies on *Davis* for the notion that counsel's failure to object to an erroneous instruction constituted ineffective assistance and the resulting prejudice required a new trial. *Id*. at 17−20. But we lack authority to decide his claim of ineffective assistance in this direct appeal. *See State v. Hanes*, 981 N.W.2d 454, 460 (Iowa 2022) (noting that path is foreclosed by Iowa Code section 814.7, which diverts ineffective-assistance-of-counsel claims to postconviction proceedings). Under these circumstances, we have no means to grant relief on the alleged instructional error.

**B. Severance of Counts**

We face that same situation when addressing Douglas's severance claim. He argues on appeal that "gross error" occurred when the felon-in-possession count was tried with the murder charge. In his issue heading, Douglas argues that counsel provided ineffective assistance "by failing to sever or enter a plea on the felon in possession charge, or take any other step to protect Douglas from prejudice." But by the end of his argument, he contends that the district court "should have exercised its discretion and severed [his] felon in possession charge from his murder charge."

Neither focus offers an avenue for relief. Under section 814.7, we are without authority to decide ineffective-assistance-of-counsel claims on direct appeal. *Treptow*, 960 N.W.2d at 109. And Douglas cites no authority for his claim that the district court had a duty to sever the two counts independent of counsel's conduct. In fact, case law goes the other way. *See State v. Owens*, 635 N.W.2d 478, 482 (Iowa 2001) (placing burden on defense counsel to move for severance and prove that any prejudice resulting from a joint trial outweighed State's interest in judicial economy). Thus, we decline to address his severance claim.

**C. Plain Error**

Finally, Douglas urges that the "errors inherent in [his] case call for a plain error standard for preservation." Yet he recognizes that our supreme court has "repeatedly rejected plain error review." *Treptow*, 960 N.W.2d at 109 (collecting cases). We cannot overrule supreme court precedent. *Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021).

**AFFIRMED.**